The opinion of the court was delivered by
Gibson, J.
The rule of court-on which this nonsuit was entered, is applicable only to cases in which the beneficial interest in the action has passed to the assignees; in regard of which it is not only competent in the court to make such a rule, but very proper to enforce it. The person of the insolvent, is discharged; and as he is the legal 'party on the record, I apprehend the assignees, who are no more interested than the other creditors, would not be personally liable: so that the defendant, if he should obtain a verdict, could look neither to the person nor property of any one for his costs. It is very proper, therefore, that the creditors before they are permitted to proceed, should render him secure against a loss which never could have happened if the suit had ori-ginally been brought by the assignees. The object of the rule went no further; for a claim to damages for a personal tort, is, I believe, the only one which is so intimately connected with the person as to be inseparable from it, by this kind of assignment, and an action on it is of such rare occurrence, as probably not to have been in the contemplation of the court, or to seem to require an exercise, of its legislative powers to regulate the practice in conducting it. But if the intention were to include cases of this sort, I should deny the power of ifche court to establish such a rule.' What right has a court to exact security for costs from a party whose domicil is within its jurisdiction and whose person is subject to its process? The tribunals of the country are, of common right, open to every one, who is answerable, either in person or property, for the goodness of his demand. Were it otherwise, every sort of injury might be inflicted with impunity on the person of any one who should be too poor or too friendless to answer the cautious exactions of what might be thought to be preventive justice. But such was not the intention of the rule, and its application to this case was an error. The judgment of non-suit is reversed, and the record remitted with directions to proceed in the cause.
Judgment reversed.